Green, J.
delivered the opinion of the court.
The only question in the case is,, whether a party who engages in a game of hazard or address, upon which he knows others are betting, is indictable and punishable for gaming, although he may not bet any thing himself. -
The act of 1799, ch. 8, sec. 2, (N. & C. 356,) provides, that if any person encourages or promotés any game of hazard or address for money or other valuable thing, he shall forfeit and pay the sum of five dollars. The act of 1803, ch. 12, sec. 2, provides, that any person who shall play within the meaning of the act of 1799, ch. 8, shall be liable to indictment or presentment.
The court has repeatedly held, that by virtue of these acts *165 a person encouraging or assisting the playing at cards, or other game for money, is indictable although he does not bet. 3 Yerg. Rep. 134: 5 Yerg. Rep. 144.
If a party plays at a game upon which he knows others are betting, he becomes thereby a guilty participator in the gaming although he may not bet himself.
The illustration of counsel opposed to this view of the case, that upon the principle here stated, a candidate for office is guilty if he knows that others bet on his election, does not apply..
Betting on elections is not embraced in the general laws against gaming, but is prohibited by a special statute.
We think there was no error in the charge of his Honor to the jury, and affirm the judgment.